Tamara Fraizer (SBN 215942)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
fraizer@fr.com
Tel: (650) 839-5070
Fax: (650) 839-5071

Of Counsel: (applications for *Pro Hac Vice* to be filed)
Ruffin B. Cordell
Timothy W. Riffe
Adam R. Shartzer
FISH & RICHARDSON P.C.
1425 K Street, N.W.,11th Floor
Washington, DC 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Plaintiff
SLING MEDIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SLING MEDIA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BELKIN INTERNATIONAL, INC., MONSOON MULTIMEDIA, INC., <br><br> Defendants. | Case No. 4:13-cv-00074-YGR <br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Sling Media, Inc. hereby alleges as follows:

**THE PARTIES**

1.  Sling Media, Inc. (hereinafter "Sling Media") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 1051 East Hillsdale Blvd, Suite 500, Foster City, CA 94404.

2. Upon information and belief, defendant Belkin International, Inc. (hereinafter "Belkin") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 12045 East Waterfront Drive, Playa Vista CA 90094.

3. Upon information and belief, defendant Monsoon Multimedia, Inc. (hereinafter "Monsoon") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 1730 South Amphlett Blvd., Suite 101, San Mateo, CA 94402.

4. Defendant Belkin and defendant Monsoon will hereinafter be collectively referred to as "Defendants."

## JURISDICTION

5. This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants are doing business and advertising in this judicial District. Moreover, Monsoon has its principal place of business in this judicial district.

7. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1400 and 1409 because the Defendants are subject to personal jurisdiction in this judicial District.

## GENERAL ALLEGATIONS AND FACTS

### SLING MEDIA

8. Sling Media is the creator of award-winning video placeshifting products and services for consumers and television service providers. Sling Media's products include its internationally-acclaimed and Emmy award-winning Slingbox®, including the Slingbox 500 Slingbox 350, and Sling Media's Slingbox SOLO video placeshifting devices. Sling Media's products may be used for consumption of media such as live or recorded television programs on remote devices, such as mobile telephones, tablets, laptops, and other computing devices.

9. Sling Media is the assignee and sole owner of all right, title, and interest in United States Patent Nos.: 7,725,912, entitled "Method for Implementing a Remote Display System with Transcoding," ("the '912 patent") which was duly and legally issued on May 25, 2010; 7,877,776, entitled "Personal Media Broadcasting System," ("the '776 patent") which was duly and legally issued on January 25, 2011; 8,051,454, entitled "Personal Media Broadcasting System with Output Buffer," ("the '454 patent") which was duly and legally issued on November 1, 2011; 8,060,909, entitled "Personal Media Broadcasting System," ("the '909 patent") which was duly and legally issued on November 15, 2011; 8,266,657, entitled "Method for Effectively Implementing a Multi-Room Television System," ("the '657 patent") which was duly and legally issued on September 11, 2012; and 8,365,236, entitled "Personal Media Broadcasting System with Output Buffer," ("the '236 patent") which was duly and legally issued on January 29, 2013. A true and correct copy of each of these patents is attached hereto as Exhibits A–E and Exhibit P.

10. Collectively, the above-identified patents are hereinafter referred to as the "Asserted Patents."

## BELKIN

11. On information and belief, Belkin manufactures, uses, offers for sale, sells, or imports a line of products marketed under the "@TV" brand, including, for example, the @TV, @TV Plus, and @TV Premium devices (collectively referred to hereinafter as the "Belkin Devices").

12. Belkin advertises on its product packaging that users can employ the Belkin Devices to "[w]atch live and recorded TV on your mobile devices—anywhere." Exhibit F. Belkin further advertises that users can "[w]atch [live and recorded TV] on your mobile devices with the @TV Plus app." Exhibit F. Belkin intends for users to perform these advertised functions in conjunction with the use of the Belkin Devices.

13. Belkin includes a "Quick Install Guide" in its product packaging, for example, in the product packaging for the @TV Plus device. Exhibit H. The "Quick Install Guide" includes

instructions for connecting the @TV Plus device to a router with an Ethernet cable. The "Quick Install Guide" also includes instructions for installing software which can be downloaded at "belkin.com/mytveverywhere." Upon the user's running of the setup wizard and following the on-screen instructions, the "Quick Install Guide" indicates that the "@TV is ready to go." Exhibit H.

14. Belkin advertises on its website, at http://www.belkin.com/us/G1V1000-Belkin/p/P-G1V1000, that the @TV Plus devices allow users to "[w]atch live television, movies, sports, and more on a smartphone or tablet wherever you are using Belkin @TV Plus. This set-top box allows you to see live and recorded TV on a single mobile device when you're away from home. When you're home, you can watch TV and movies on multiple devices over your Wi-Fi network. @TV Plus also lets you record shows directly to your mobile device and use your phone or tablet as a TV remote." Exhibit I.

15. Upon information and belief, Belkin and Belkin's users are employing the Belkin Devices and software to perform "placeshifting" media consumption by, for example, watching live or recorded television on a mobile device at a remote location.

16. Belkin both advertises and sells devices called @TV Plus and @TV Premium with the model numbers G1V1000 and G2V1000, respectively. Exhibits I and J.

17. Belkin sells the G2V1000 device in retail packaging marked as containing the G1V1000 device. Exhibit K.

18. The Belkin G2V1000 device includes components manufactured by Monsoon, and upon information and belief, Monsoon is a partner and original equipment manufacturer of the Belkin devices. Exhibit G.

19. On information and belief, the G1V1000 and G2V1000 devices operate in a substantially equivalent manner.

20. Belkin is not licensed to the Asserted Patents.

21. On information and belief, Belkin either knew of the Asserted Patents or was willfully blind in order to not become aware of the Asserted Patents.

22. At least as early as service of this Complaint, and likely prior to this date, Belkin had full knowledge that it encourages and induces users to perform acts that constitute infringement of Sling Media's rights in the Asserted Patents.

23. At least as early as service of this Complaint, and likely prior to this date, Belkin had knowledge that the Belkin Devices are designed in a manner that is claimed by the Asserted Patents and infringes those Asserted Patents when employed by Belkin or Belkin's users.

24. Belkin specifically intends that its users perform acts that constitute infringement as evidenced, for example, by its offer for sale, sale, or importation of the Belkin Devices, as well as the instructions provided to its users as to the use of the Belkin Devices.

25. The Belkin Devices, when operated as advertised or otherwise instructed, are at least components of the claims of the Asserted Patents or directly practice the claims of the Asserted Patents.

26. The Belkin Devices, as evidenced by at least Belkin's advertising and instructional materials, are not a staple article or commodity of commerce and do not have a substantial non-infringing use.

27. The use of the Belkin Devices according to the instructions provided by Belkin, constitutes direct infringement of the Asserted Patents.

28. Belkin thus actively encourages its users to employ the Belkin Devices and software, including the placeshifting features, to use the apparatuses and methods claimed in the Asserted Patents.

29. Belkin is also affirmatively intending to contribute to and actively induce the infringement of the Asserted Patents by marketing, providing equipment and software for, and supporting use of the Belkin Devices to practice the Asserted Patents, knowing the Belkin Devices to be especially made or especially adapted for infringement of the Asserted Patents, and the Belkin Devices are not staple articles or commodities of commerce for a substantial noninfringing use, and Belkin encourages users to do so without leave or licenses of Sling Media, in violation of Sling Media's rights.

MONSOON

30. On information and belief, Monsoon manufactures, uses, offers for sale, sells, or imports, for example, the Vulkano Flow, Vulkano Flow LC, Vulkano Blast, Vulkano Lava, and components of the Vulkano devices (collectively referred to hereinafter as the "Vulkano Devices"), Titanium HD, Hava Titanium HD, Platinum HD, Hava Platinum HD, Wireless HD, Hava Wireless HD, Titanium HD WIFI, Hava Titanium HD WIFI, and components of the HAVA devices (collectively referred to hereinafter as the "Hava Devices").

31. Monsoon advertises on its product packaging that users can employ the Monsoon device to "[r]ecord TV shows to Vulkano's internal storage, for later viewing on TV, Smartphones, iPad or Tablets." Exhibit M. Monsoon further advertises on the same packaging that users can "[s]chedule TV records to Vulkano's storage, then transfer them to your mobile from anywhere, to watch when convenient." Exhibit M.

32. Monsoon includes a "Quick Start Guide" in its product packaging, for example, in the product packaging for the "Vulkano Lava" device. Exhibit N. The "Quick Start Guide" includes instructions for connecting the Vulkano device to a home network using Wi-Fi or Ethernet. The "Quick Start Guide" further highlights certain features of the Vulkano device, including the ability to "[w]atch live TV and schedule recordings on your Smartphone, Tablet, PC, Mac, or iPad." Exhibit N.

33. Monsoon advertises on its website, at http://www.myvulkano.com/products_volcano_lava.html, that the Vulkano devices enable a user to view video at a remote location. For example, the website states that "[t]he RemoteTV feature offered on the Vulkano Lava and Blast, lets you watch your paid TV service on another TV (without service) anywhere in the world or in another room inside your home." Exhibit L.

34. Monsoon provides its users with access to a User Guide for the Vulkano devices, such as the Vulkano Lava device located at http://www.myvulkano.com/LavaBlastUserGuide.pdf. The User Guide indicates that users "can

6

FIRST AMENDED COMPLAINT FOR PATENT
INFRINGEMENT

Case No. 4:13-cv-00074-YGR

use either a wired connection or a Wi-Fi connection to connect your Vulkano to your home network." Exhibit O.

35. The Vulkano User Guide includes instructions for downloading the Vulkano Player software to remote or mobile devices such as a personal computer, iPhone, iPad, Android, and Blackberry devices. Exhibit O. This software enables Monsoon's users to placeshift or remotely view videos from a number of different mobile or remote devices.

36. Upon information and belief, Monsoon and Monsoon's users are employing the Monsoon Devices and software to perform "placeshifting" media consumption by, for example, watching live or recorded television on a mobile device at a remote location.

37. Monsoon is not licensed to the Asserted Patents.

38. On information and belief, Monsoon either knew of the Asserted Patents or was willfully blind in order to not become aware of the Asserted Patents.

39. At least as early as service of this Complaint, and likely prior to this date, Monsoon had knowledge that it induces its users to perform at least the acts noted above that constitute infringement of Sling Media's rights in the Asserted Patents.

40. At least as early as service of this Complaint, and likely prior to this date, Monsoon had knowledge that the Vulkano and Hava Devices are designed in a manner that is both claimed by the Asserted Patents and infringes those Asserted Patents when employed by Monsoon or Monsoon's users.

41. Monsoon specifically intends that its users perform acts that constitute infringement as evidenced, for example, by its offer for sale, sale, or importation of the Vulkano and Hava Devices, as well as the instructions provided to its users by Monsoon as to the use of the Vulkano and Hava Devices.

42. The Vulkano and Hava Devices, when operated as advertised or otherwise instructed, are at least components of the claims of the Asserted Patents or directly practice he Asserted Patents.

43. The Vulkano and Hava Devices, as evidenced by at least Monsoon's advertising and instructional materials, are not a staple article or commodity of commerce and do not have a substantial non-infringing use.

44. The use of the Vulkano and Hava Devices, according to the instructions provided by Monsoon, constitutes direct infringement of the Asserted Patents.

45. Monsoon thus actively encourages its users to employ the Vulkano and Hava Devices and software, including the placeshifting features, to use the apparatuses and methods claimed in the Asserted Patents.

46. Monsoon is also affirmatively intending to contribute to and actively induce the infringement of the Asserted Patents by marketing, providing equipment and software for, and supporting use of the Vulkano and Hava Devices to practice the Asserted Patents, knowing the Vulkano and Hava Devices to be especially made or especially adapted for infringement of the Asserted Patents, and the Vulkano and Hava Devices are not staple articles or commodities of commerce for a substantial noninfringing use, and Monsoon encourages users to do so without leave or licenses of Sling Media, in violation of Sling Media's rights.

## FIRST CAUSE OF ACTION

INFRINGEMENT OF U.S. PATENT NO. 7,725,912 BY ALL DEFENDANTS

47. The allegations of paragraphs 1-46 are incorporated for this First Cause of Action as though fully set forth herein.

48. Sling Media is the assignee and sole owner of all right, title, and interest in United States Patent No. 7,725,912, entitled "Method for Implementing a Remote Display System with Transcoding," which was duly and legally issued on May 25, 2010. A true and correct copy of the '912 patent is attached hereto as Exhibit A.

49. Upon information and belief, Belkin has been and is now infringing, inducing infringement, and contributing to the infringement of the '912 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United

1  States, including, for example, the @TV, @TV Plus, and @TV Premium devices, covered by
2  one or more claims of the '912 patent, all to the injury of Sling Media.

3        50.      Upon information and belief, Monsoon has been and is now infringing, inducing
4  infringement, and contributing to the infringement of the '912 patent in this District and
5  elsewhere by making, using, selling, offering to sell, and importing devices into the United
6  States, including, for example, the Vulkano and HAVA families of devices, covered by one or
7  more claims of the '912 patent, all to the injury of Sling Media.

8        51.      Defendants' acts of infringement have injured and damaged Sling Media.

9        52.      Defendants' infringement has caused irreparable injury to Sling Media and will
10 continue to cause irreparable injury until Defendants are enjoined from further infringement by
11 this Court.

## SECOND CAUSE OF ACTION

INFRINGEMENT OF U.S. PATENT NO. 7,877,776 BY ALL DEFENDANTS

14       53.      The allegations of paragraphs 1-52 are incorporated for this Second Cause of
15 Action as though fully set forth herein.

16       54.      Sling Media is the assignee and sole owner of all right, title, and interest in United
17 States Patent No. 7,877,776, entitled "Personal Media Broadcasting System," which was duly
18 and legally issued on January 25, 2011. A true and correct copy of the '776 patent is attached
19 hereto as Exhibit B.

20       55.      Upon information and belief, Belkin has been and is now infringing, inducing
21 infringement, and contributing to the infringement of the '776 patent in this District and
22 elsewhere by making, using, selling, offering to sell, and importing devices into the United
23 States, including, for example, the @TV, @TV Plus, and @TV Premium devices, covered by
24 one or more claims of the '776 patent, all to the injury of Sling Media.

25       56.      Upon information and belief, Monsoon has been and is now infringing, inducing
26 infringement, and contributing to the infringement of the '776 patent in this District and
27 elsewhere by making, using, selling, offering to sell, and importing devices into the United

1  States, including, for example, the Vulkano and HAVA families of devices, covered by one or
2  more claims of the '776 patent, all to the injury of Sling Media.

3      57.    Defendants' acts of infringement have injured and damaged Sling Media

4      58.    Defendants' infringement has caused irreparable injury to Sling Media and will
5  continue to cause irreparable injury until Defendants are enjoined from further infringement by
6  this Court.

## THIRD CAUSE OF ACTION

INFRINGEMENT OF U.S. PATENT NO. 8,051,454 BY ALL DEFENDANTS

59.  The allegations of paragraphs 1-58 are incorporated for this Third Cause of Action as though fully set forth herein.

60.  Sling Media is the assignee and sole owner of all right, title, and interest in United States Patent No. 8,051,454, entitled "Personal Media Broadcasting System with Output Buffer," which was duly and legally issued on November 1, 2011.  A true and correct copy of the '454 patent is attached hereto as Exhibit C.

61.  Upon information and belief, Belkin has been and is now infringing, inducing infringement, and contributing to the infringement of the '454 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the @TV, @TV Plus, and @TV Premium devices, covered by one or more claims of the '454 patent, all to the injury of Sling Media.

62.  Upon information and belief, Monsoon has been and is now infringing, inducing infringement, and contributing to the infringement of the '454 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '454 patent, all to the injury of Sling Media.

63.  Defendants' acts of infringement have injured and damaged Sling Media.

64. Defendants' infringement has caused irreparable injury to Sling Media and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## FOURTH CAUSE OF ACTION

INFRINGEMENT OF U.S. PATENT NO. 8,060,909 BY ALL DEFENDANTS

65. The allegations of paragraphs 1-64 are incorporated for this Fourth Cause of Action as though fully set forth herein.

66. Sling Media is the assignee and sole owner of all right, title, and interest in United States Patent No. 8,060,909, entitled "Personal Media Broadcasting System," which was duly and legally issued on November 15, 2011. A true and correct copy of the '909 patent is attached hereto as Exhibit D.

67. Upon information and belief, Belkin has been and is now infringing, inducing infringement, and contributing to the infringement of the '909 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the @TV, @TV Plus, and @TV Premium devices, covered by one or more claims of the '909 patent, all to the injury of Sling Media.

68. Upon information and belief, Monsoon has been and is now infringing, inducing infringement, and contributing to the infringement of the '909 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '909 patent, all to the injury of Sling Media.

69. Defendants' acts of infringement have injured and damaged Sling Media.

70. Defendants' infringement has caused irreparable injury to Sling Media and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

11

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Case No. 4:13-cv-00074-YGR

## FIFTH CAUSE OF ACTION

INFRINGEMENT OF U.S. PATENT NO. 8,266,657 BY ALL DEFENDANTS

71. The allegations of paragraphs 1-70 are incorporated for this Fifth Cause of Action as though fully set forth herein.

72. Sling Media is the assignee and sole owner of all right, title, and interest in United States Patent No. 8,266,657, entitled "Method for Effectively Implementing a Multi-Room Television System," which was duly and legally issued on September 11, 2012. A true and correct copy of the '657 patent is attached hereto as Exhibit E.

73. Upon information and belief, Belkin has been and is now infringing, inducing infringement, and contributing to the infringement of the '657 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the @TV, @TV Plus, and @TV Premium devices, covered by one or more claims of the '657 patent, all to the injury of Sling Media.

74. Upon information and belief, Monsoon has been and is now infringing, inducing infringement, and contributing to the infringement of the '657 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '657 patent, all to the injury of Sling Media.

75. Defendants' acts of infringement have injured and damaged Sling Media.

76. Defendants' infringement has caused irreparable injury to Sling Media and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## SIXTH CAUSE OF ACTION

INFRINGEMENT OF U.S. PATENT NO. 8,365,236 BY ALL DEFENDANTS

77. The allegations of paragraphs 1-76 are incorporated for this Sixth Cause of Action as though fully set forth herein.

12

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**  Case No. 4:13-cv-00074-YGR

78.   Sling Media is the assignee and sole owner of all right, title, and interest in United States Patent No. 8,365,236, entitled "Personal Media Broadcasting System with Output Buffer," which was duly and legally issued on January 29, 2013.  A true and correct copy of the '236 patent is attached hereto as Exhibit P.

79.   Upon information and belief, Belkin has been and is now infringing, inducing infringement, and contributing to the infringement of the '236 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the @TV, @TV Plus, and @TV Premium devices, covered by one or more claims of the '236 patent, all to the injury of Sling Media.

80.   Upon information and belief, Monsoon has been and is now infringing, inducing infringement, and contributing to the infringement of the '236 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '236 patent, all to the injury of Sling Media.

81.   Defendants' acts of infringement have injured and damaged Sling Media.

82.   Defendants' infringement has caused irreparable injury to Sling Media and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

(a)   a permanent injunction preventing Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, users, and customers, and those in active concert or participation with any of them, from making, using, or selling any devices that infringe any claim of the Asserted Patents;

(b)   damages in an amount to be determined at trial;

(c)   costs and reasonable attorney fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

(d)     such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury to the extent permitted by applicable law.

Dated:  February 14, 2013                                FISH & RICHARDSON P.C.


By:  */s/ Tamara Fraizer*
       Tamara Fraizer

Tamara Fraizer (SBN 215942)
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
Tel:  (650) 839-5070
Fax:  (650) 839-5071

*Of Counsel:  (pro hac vice to be filed)*
Ruffin B. Cordell
Timothy W. Riffe
Adam R. Shartzer
Fish & Richardson P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
Tel: 202-783-5070
Fax:  202-783-2331

*Counsel for Plaintiff*
*SLING MEDIA, INC.*

14

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT                              Case No. 4:13-cv-00074-YGR