Tamara Fraizer (SBN 215942)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
fraizer@fr.com
Tel: (650) 839-5070
Fax: (650) 839-5071

Of Counsel: (applications for *Pro Hac Vice* to be filed)
Ruffin B. Cordell
Timothy W. Riffe
Adam R. Shartzer
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Plaintiff
SLING MEDIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SLING MEDIA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MONSOON MULTIMEDIA, INC., PRABHAT JAIN, <br><br> Defendants. | Case No. 4:13-cv-00074-YGR <br><br> **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Sling Media, Inc. hereby alleges as follows:

## THE PARTIES

1. Sling Media, Inc. (hereinafter "Sling Media") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 1051 East Hillsdale Blvd, Suite 500, Foster City, CA 94404.

2. Upon information and belief, defendant Monsoon Multimedia, Inc. (hereinafter "Monsoon") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 1730 South Amphlett Blvd., Suite 101, San Mateo, CA 94402.

3. Upon information and belief, defendant Prabhat Jain is the CEO of Monsoon and resides at 615 San Luis Rd, Berkeley, CA 94707-1725.

4. Defendant Monsoon and defendant Prabhat Jain will hereinafter be collectively referred to as "Defendants."

## JURISDICTION

5. This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, this Court has personal jurisdiction over Monsoon because it is doing business and advertising in this judicial District. Moreover, Monsoon has its principal place of business in this judicial district.

7. Upon information and belief, this Court has personal jurisdiction over Prabhat Jain because he resides in this district.

8. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1400 and 1409 because the Defendants are subject to personal jurisdiction in this judicial District.

## GENERAL ALLEGATIONS AND FACTS

### SLING MEDIA

9. Sling Media is the creator of award-winning video placeshifting products and services for consumers and television service providers. Sling Media's products include its internationally-acclaimed and Emmy award-winning Slingbox®, including the Slingbox 500 Slingbox 350, and Sling Media's Slingbox SOLO video placeshifting devices. Sling Media's products may be used for consumption of media such as live or recorded

1  television programs on remote devices, such as mobile telephones, tablets, laptops, and
2  other computing devices.

3  10. Sling Media is the assignee and sole owner of all right, title, and interest in United States
4  Patent Nos.: 7,725,912, entitled "Method for Implementing a Remote Display System
5  with Transcoding," ("the '912 patent") which was duly and legally issued on May 25,
6  2010; 7,877,776, entitled "Personal Media Broadcasting System," ("the '776 patent")
7  which was duly and legally issued on January 25, 2011; 8,051,454, entitled "Personal
8  Media Broadcasting System with Output Buffer," ("the '454 patent") which was duly and
9  legally issued on November 1, 2011; 8,060,909, entitled "Personal Media Broadcasting
10 System," ("the '909 patent") which was duly and legally issued on November 15, 2011;
11 8,266,657, entitled "Method for Effectively Implementing a Multi-Room Television
12 System," ("the '657 patent") which was duly and legally issued on September 11, 2012;
13 and 8,365,236, entitled "Personal Media Broadcasting System with Output Buffer," ("the
14 '236 patent") which was duly and legally issued on January 29, 2013. A true and correct
15 copy of each of these patents is attached hereto as Exhibits A–F.

16 11. Collectively, the above-identified patents are hereinafter referred to as the "Asserted
17 Patents."

18                                              MONSOON

19 12. On information and belief, Monsoon manufactures, uses, offers for sale, sells, or imports,
20 for example, the Vulkano Flow, Vulkano Flow LC, Vulkano Blast, Vulkano Lava, and
21 components of the Vulkano devices (collectively referred to hereinafter as the "Vulkano
22 Devices"), Titanium HD, Hava Titanium HD, Platinum HD, Hava Platinum HD,
23 Wireless HD, Hava Wireless HD, Titanium HD WIFI, Hava Titanium HD WIFI, and
24 components of the HAVA devices (collectively referred to hereinafter as the "Hava
25 Devices").

26 13. Monsoon advertises on its product packaging that users can employ the Monsoon device
27 to "[r]ecord TV shows to Vulkano's internal storage, for later viewing on TV,

28

1   Smartphones, iPad or Tablets." Exhibit G. Monsoon further advertises on the same
2   packaging that users can "[s]chedule TV records to Vulkano's storage, then transfer them
3   to your mobile from anywhere, to watch when convenient." Exhibit G.

4   14. Monsoon includes a "Quick Start Guide" in its product packaging, for example, in the
5   product packaging for the "Vulkano Lava" device. Exhibit H. The "Quick Start Guide"
6   includes instructions for connecting the Vulkano device to a home network using Wi-Fi
7   or Ethernet. The "Quick Start Guide" further highlights certain features of the Vulkano
8   device, including the ability to "[w]atch live TV and schedule recordings on your
9   Smartphone, Tablet, PC, Mac, or iPad." Exhibit H.

10  15. Monsoon advertises on its website, at
11  http://www.myvulkano.com/products_volcano_lava.html, that the Vulkano devices
12  enable a user to view video at a remote location. For example, the website states that
13  "[t]he RemoteTV feature offered on the Vulkano Lava and Blast, lets you watch your
14  paid TV service on another TV (without service) anywhere in the world or in another
15  room inside your home." Exhibit I.

16  16. Monsoon provides its users with access to a User Guide for the Vulkano devices, such as
17  the Vulkano Lava device located at
18  http://www.myvulkano.com/LavaBlastUserGuide.pdf. The User Guide indicates that
19  users "can use either a wired connection or a Wi-Fi connection to connect your Vulkano
20  to your home network." Exhibit J.

21  17. The Vulkano User Guide includes instructions for downloading the Vulkano Player
22  software to remote or mobile devices such as a personal computer, iPhone, iPad,
23  Android, and Blackberry devices. Exhibit J. This software enables Monsoon's users to
24  placeshift or remotely view videos from a number of different mobile or remote devices.

25  18. Upon information and belief, Monsoon and Monsoon's users are employing the Monsoon
26  Devices and software to perform "placeshifting" media consumption by, for example,
27  watching live or recorded television on a mobile device at a remote location.

28

19. Monsoon is not licensed to the Asserted Patents.

20. On information and belief, Monsoon either knew of the Asserted Patents or was willfully blind in order to not become aware of the Asserted Patents.

21. At least as early as service of the Original Complaint, and likely prior to this date, Monsoon had knowledge that it induces its users to perform at least the acts noted above that constitute infringement of Sling Media's rights in the Asserted Patents.

22. At least as early as service of the Original Complaint, and likely prior to this date, Monsoon had knowledge that the Vulkano and Hava Devices are designed in a manner that is both claimed by the Asserted Patents and infringes those Asserted Patents when employed by Monsoon or Monsoon's users.

23. Monsoon specifically intends that its users perform acts that constitute infringement as evidenced, for example, by its offer for sale, sale, or importation of the Vulkano and Hava Devices, as well as the instructions provided to its users by Monsoon as to the use of the Vulkano and Hava Devices.

24. The Vulkano and Hava Devices, when operated as advertised or otherwise instructed, are at least components of the claims of the Asserted Patents or directly practice the Asserted Patents.

25. The Vulkano and Hava Devices, as evidenced by at least Monsoon's advertising and instructional materials, are not a staple article or commodity of commerce and do not have a substantial non-infringing use.

26. The use of the Vulkano and Hava Devices, according to the instructions provided by Monsoon, constitutes direct infringement of the Asserted Patents.

27. Monsoon thus actively encourages its users to employ the Vulkano and Hava Devices and software, including the placeshifting features, to use the apparatuses and methods claimed in the Asserted Patents.

28. Monsoon is also affirmatively intending to contribute to and actively induce the infringement of the Asserted Patents by marketing, providing equipment and software

for, and supporting use of the Vulkano and Hava Devices to practice the Asserted Patents, knowing the Vulkano and Hava Devices to be especially made or especially adapted for infringement of the Asserted Patents, and the Vulkano and Hava Devices are not staple articles or commodities of commerce for a substantial noninfringing use, and Monsoon encourages users to do so without leave or licenses of Sling Media, in violation of Sling Media's rights.

## PRABHAT JAIN

29. Upon information and belief, Prabhat Jain has exerted and/or continues to exert total domination and control over Monsoon at all times material to the claims asserted against Monsoon herein through Prabhat Jain's role either as an officer, director, individual shareholder, and/or owner of Monsoon. Upon information and belief, Prabhat Jain is the CEO of Monsoon and exclusively controls the operations of Monsoon.

30. At all times material to the claims alleged in this Complaint, Monsoon was and is a mere instrumentality and/or alter ego of Prabhat Jain, which he utilized to engage in wrongful conduct, including patent infringement.

31. Through his domination and control of Monsoon, Prabhat Jain has induced and continues to induce Monsoon and Monsoon's users to employ the Monsoon Devices and software to perform "placeshifting" media consumption by, for example, watching live or recorded television on a mobile device at a remote location.

32. The interests of justice require that Prabhat Jain be jointly and severally liable for the infringement of Monsoon because upon information and belief Prabhat Jain has transferred assets from Monsoon in order to insulate Monsoon from Sling Media's claims asserted in this Complaint after Sling Media filed its Original Complaint on January 7, 2013. For example, Monsoon has assigned its patents to related foreign entities in India. *See*, *e.g.*, Exhibits K and L.

33. Prabhat Jain is not licensed to the Asserted Patents.

34. On information and belief, Prabhat Jain either knew of the Asserted Patents or was willfully blind in order to not become aware of the Asserted Patents.

35. At least as early as service of the Original Complaint, and likely prior to this date, Prabhat Jain had knowledge that he induces Monsoon and Monsoon's users to perform at least the acts noted above that constitute infringement of Sling Media's rights in the Asserted Patents.

36. At least as early as service of the Original Complaint, and likely prior to this date, Prabhat Jain had knowledge that the Vulkano and Hava Devices are designed in a manner that is both claimed by the Asserted Patents and infringes those Asserted Patents when employed by Monsoon or Monsoon's users.

37. Prabhat Jain specifically intends that Monsoon and Monsoon's users perform acts that constitute infringement as evidenced, for example, by Prabhat Jain's domination and control of Monsoon resulting in Monsoon's offer for sale, sale, or importation of the Vulkano and Hava Devices, as well as the instructions provided to its users by Monsoon as to the use of the Vulkano and Hava Devices.

38. On information and belief, Prahbat Jain has communicated with and/or continues to communicate with users of Monsoon's Vulkano and Hava Devices in support of the users' continued infringement of the Asserted Patents.

39. The Vulkano and Hava Devices, when operated as advertised or otherwise instructed, are at least components of the claims of the Asserted Patents or directly practice the Asserted Patents.

40. The Vulkano and Hava Devices, as evidenced by at least Monsoon's advertising and instructional materials, are not a staple article or commodity of commerce and do not have a substantial non-infringing use.

41. The use of the Vulkano and Hava Devices, according to the instructions provided by Monsoon under the control of Prabhat Jain, constitutes direct infringement of the Asserted Patents.

42. Prabhat Jain thus actively encourages Monsoon and its users to employ the Vulkano and Hava Devices and software, including the placeshifting features, to use the apparatuses and methods claimed in the Asserted Patents.

43. Prabhat Jain is also affirmatively intending to contribute to and actively induce the infringement of the Asserted Patents by Prabhat Jain's domination and control of Monsoon resulting in Monsoon's marketing, providing equipment and software for, and supporting use of the Vulkano and Hava Devices to practice the Asserted Patents, knowing the Vulkano and Hava Devices to be especially made or especially adapted for infringement of the Asserted Patents, and the Vulkano and Hava Devices are not staple articles or commodities of commerce for a substantial noninfringing use, and Prabhat Jain via Monsoon encourages users to do so without leave or licenses of Sling Media, in violation of Sling Media's rights.

## FIRST CAUSE OF ACTION

INFRINGEMENT OF U.S. PATENT NO. 7,725,912

44. The allegations of paragraphs 1-43 are incorporated for this First Cause of Action as though fully set forth herein.

45. Sling Media is the assignee and sole owner of all right, title, and interest in United States Patent No. 7,725,912, entitled "Method for Implementing a Remote Display System with Transcoding," which was duly and legally issued on May 25, 2010. A true and correct copy of the '912 patent is attached hereto as Exhibit A.

46. Upon information and belief, Monsoon has been and is now infringing, inducing infringement, and contributing to the infringement of the '912 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '912 patent, all to the injury of Sling Media.

47. Upon information and belief, Prabhat Jain has been and is now inducing infringement and contributing to the infringement of the '912 patent in this District and elsewhere by

8

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Case No. 4:13-cv-00074-YGR

Prabhat Jain's domination and control of Monsoon resulting in Monsoon's making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '912 patent, all to the injury of Sling Media.

48. Defendants' acts of infringement have injured and damaged Sling Media.

49. Defendants' infringement has caused irreparable injury to Sling Media and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## SECOND CAUSE OF ACTION

### INFRINGEMENT OF U.S. PATENT NO. 7,877,776

50. The allegations of paragraphs 1-49 are incorporated for this Second Cause of Action as though fully set forth herein.

51. Sling Media is the assignee and sole owner of all right, title, and interest in United States Patent No. 7,877,776, entitled "Personal Media Broadcasting System," which was duly and legally issued on January 25, 2011.  A true and correct copy of the '776 patent is attached hereto as Exhibit B.

52. Upon information and belief, Monsoon has been and is now infringing, inducing infringement, and contributing to the infringement of the '776 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '776 patent, all to the injury of Sling Media.

53. Upon information and belief, Prabhat Jain has been and is now inducing infringement and contributing to the infringement of the '776 patent in this District and elsewhere by Prabhat Jain's domination and control of Monsoon resulting in Monsoon's making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '776 patent, all to the injury of Sling Media.

54. Defendants' acts of infringement have injured and damaged Sling Media

55. Defendants' infringement has caused irreparable injury to Sling Media and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## THIRD CAUSE OF ACTION

INFRINGEMENT OF U.S. PATENT NO. 8,051,454

56. The allegations of paragraphs 1-55 are incorporated for this Third Cause of Action as though fully set forth herein.

57. Sling Media is the assignee and sole owner of all right, title, and interest in United States Patent No. 8,051,454, entitled "Personal Media Broadcasting System with Output Buffer," which was duly and legally issued on November 1, 2011. A true and correct copy of the '454 patent is attached hereto as Exhibit C.

58. Upon information and belief, Monsoon has been and is now infringing, inducing infringement, and contributing to the infringement of the '454 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '454 patent, all to the injury of Sling Media.

59. Upon information and belief, Prabhat Jain has been and is now inducing infringement and contributing to the infringement of the '454 patent in this District and elsewhere by Prabhat Jain's domination and control of Monsoon resulting in Monsoon's making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '454 patent, all to the injury of Sling Media.

60. Defendants' acts of infringement have injured and damaged Sling Media.

61. Defendants' infringement has caused irreparable injury to Sling Media and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## FOURTH CAUSE OF ACTION

INFRINGEMENT OF U.S. PATENT NO. 8,060,909

62. The allegations of paragraphs 1-61 are incorporated for this Fourth Cause of Action as though fully set forth herein.

63. Sling Media is the assignee and sole owner of all right, title, and interest in United States Patent No. 8,060,909, entitled "Personal Media Broadcasting System," which was duly and legally issued on November 15, 2011.  A true and correct copy of the '909 patent is attached hereto as Exhibit D.

64. Upon information and belief, Monsoon has been and is now infringing, inducing infringement, and contributing to the infringement of the '909 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '909 patent, all to the injury of Sling Media.

65. Upon information and belief, Prabhat Jain has been and is now inducing infringement and contributing to the infringement of the '909 patent in this District and elsewhere by Prabhat Jain's domination and control of Monsoon resulting in Monsoon's making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '909 patent, all to the injury of Sling Media.

66. Defendants' acts of infringement have injured and damaged Sling Media.

67. Defendants' infringement has caused irreparable injury to Sling Media and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## FIFTH CAUSE OF ACTION

INFRINGEMENT OF U.S. PATENT NO. 8,266,657

68. The allegations of paragraphs 1-67 are incorporated for this Fifth Cause of Action as though fully set forth herein.

69. Sling Media is the assignee and sole owner of all right, title, and interest in United States Patent No. 8,266,657, entitled "Method for Effectively Implementing a Multi-Room Television System," which was duly and legally issued on September 11, 2012. A true and correct copy of the '657 patent is attached hereto as Exhibit E.

70. Upon information and belief, Monsoon has been and is now infringing, inducing infringement, and contributing to the infringement of the '657 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '657 patent, all to the injury of Sling Media.

71. Upon information and belief, Prabhat Jain has been and is now inducing infringement and contributing to the infringement of the '657 patent in this District and elsewhere by Prabhat Jain's domination and control of Monsoon resulting in Monsoon's making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '657 patent, all to the injury of Sling Media.

72. Defendants' acts of infringement have injured and damaged Sling Media.

73. Defendants' infringement has caused irreparable injury to Sling Media and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## SIXTH CAUSE OF ACTION

INFRINGEMENT OF U.S. PATENT NO. 8,365,236

74. The allegations of paragraphs 1-73 are incorporated for this Sixth Cause of Action as though fully set forth herein.

75. Sling Media is the assignee and sole owner of all right, title, and interest in United States Patent No. 8,365,236, entitled "Personal Media Broadcasting System with Output Buffer," which was duly and legally issued on January 29, 2013. A true and correct copy of the '236 patent is attached hereto as Exhibit F.

76. Upon information and belief, Monsoon has been and is now infringing, inducing infringement, and contributing to the infringement of the '236 patent in this District and elsewhere by making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '236 patent, all to the injury of Sling Media.

77. Upon information and belief, Prabhat Jain has been and is now inducing infringement and contributing to the infringement of the '236 patent in this District and elsewhere by Prabhat Jain's domination and control of Monsoon resulting in Monsoon's making, using, selling, offering to sell, and importing devices into the United States, including, for example, the Vulkano and HAVA families of devices, covered by one or more claims of the '236 patent, all to the injury of Sling Media.

78. Defendants' acts of infringement have injured and damaged Sling Media.

79. Defendants' infringement has caused irreparable injury to Sling Media and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

(a) a permanent injunction preventing Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, users, and customers, and those in active concert or participation with any of them, from making, using, or selling any devices that infringe any claim of the Asserted Patents;

(b) damages in an amount to be determined at trial;

(c) costs and reasonable attorney fees incurred in connection with this action pursuant to 35 U.S.C. § 285;

(d) that the Court pierce the corporate veil as to Monsoon and hold Prabhat Jain jointly and severally liable on all claims in this action asserted against Monsoon; and

(e) such other and further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury to the extent permitted by applicable law.

Dated: July 7, 2014								FISH & RICHARDSON P.C.


									By:  */s/ Tamara Fraizer*
										Tamara Fraizer

									Tamara Fraizer (SBN 215942)
									Fish & Richardson P.C.
									500 Arguello Street, Suite 500
									Redwood City, CA  94063
									Tel:  (650) 839-5070
									Fax:  (650) 839-5071

									*Of Counsel:  (pro hac vice to be filed)*
									Ruffin B. Cordell
									Timothy W. Riffe
									Adam R. Shartzer
									Fish & Richardson P.C.
									1425 K Street, N.W., 11th Floor
									Washington, DC 20005
									Tel: 202-783-5070
									Fax:  202-783-2331

									*Counsel for Plaintiff*
									*SLING MEDIA, INC.*