Tamara Fraizer (SBN 215942)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
fraizer@fr.com
Tel: (650) 839-5070
Fax: (650) 839-5071

Of Counsel:
Ruffin B. Cordell
Timothy W. Riffe
Adam R. Shartzer
FISH & RICHARDSON P.C.
1425 K. Street, N.W., 11th Floor
Washington, DC 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Plaintiff
SLING MEDIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| SLING MEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MONSOON MULTIMEDIA, INC., <br><br> Defendants. | Case No. 4:13-cv-00074-YGR <br><br> **SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff Sling Media, Inc. ("Sling Media") and Defendant Monsoon Multimedia, Inc., ("Monsoon") (together, "the Parties") hereby submit the following Supplemental Case Management Statement in view of the continuance of the Case Management Conference, originally set for June 23, 2014, to July 21, 2014, per the Court's Order at Dkt. No. 38. The parties note for the Court's convenience that they have made revisions to the Joint Case Management Statement submitted on June 16, 2014, Dkt. No. 37, including noting the provision of Monsoon's

Answer to the First Amended Complaint and the filing of Sling Media's motion for leave to file a second amended complaint, and providing new dates for the provision of contentions and claim construction.

Monsoon states that this case has been stayed since April 1, 2013. Dkt. No. 22. Sling Media states that the stay was lifted pursuant to the Clerk's Notice Setting Case Management Conference. Dkt. No. 31 (April 28, 2014).

**1. Jurisdiction and Service**

Plaintiff Sling Media alleges patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Sling Media alleges that Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) and that no issues exist regarding personal jurisdiction or venue. On June 13, 2014, Monsoon answered Sling Media's complaint and admitted that, for this lawsuit, this Court has personal jurisdiction over it and that venue is proper in this judicial district.

**2. Facts**

Plaintiff alleges it is the owner of U.S. Patent Nos. 7,725,912, entitled "Method for Implementing a Remote Display System with Transcoding," ("the '912 patent") which was duly and legally issued on May 25, 2010; 7,877,776, entitled "Personal Media Broadcasting System," ("the '776 patent") which was duly and legally issued on January 25, 2011; 8,051,454, entitled "Personal Media Broadcasting System with Output Buffer," ("the '454 patent") which was duly and legally issued on November 1, 2011; 8,060,909, entitled "Personal Media Broadcasting System," ("the '909 patent") which was duly and legally issued on November 15, 2011; 8,266,657, entitled "Method for Effectively Implementing a Multi-Room Television System," ("the '657 patent") which was duly and legally issued on September 11, 2012; and 8,365,236, entitled "Personal Media Broadcasting System with Output Buffer," ("the '236 patent") which was duly and legally issued on January 29, 2013, collectively, the "Patents in Suit". Plaintiff alleges that at least the Vulkano Flow, Vulkano Flow LC, Vulkano Blast, Vulkano Lava, and components

of the Vulkano devices (collectively referred to hereinafter as the "Vulkano Devices"), Titanium HD, Hava Titanium HD, Platinum HD, Hava Platinum HD, Wireless HD, Hava Wireless HD, Titanium HD WIFI, Hava Titanium HD WIFI, and components of the HAVA devices (collectively referred to hereinafter as the "Hava Devices") made and sold by Defendant infringe the Patents in Suit directly and/or indirectly, both literally and under the doctrine of equivalents. Defendant reserves its rights to challenge Plaintiff's ownership of the above patents and/or standing to bring this suit against Monsoon. Without waiver of Monsoon's aforementioned rights to challenge jurisdiction and/or venue and Monsoon's rights to assert any applicable affirmative defense in its answer, Monsoon denies that Vulkano Devices or Hava Devices infringe the Patents in Suit either directly or indirectly, literally or under the doctrine of equivalents.

**3. Legal Issues**

   a) Whether Monsoon has infringed the Patents in Suit directly or indirectly, either literally or under the doctrine of equivalents;

   (b) Whether Monsoon has induced or contributed to others' infringement of the Patents in Suit;

   (c) Whether Sling Media is entitled to recover damages under 35 U.S.C. § 284 from Monsoon, or to obtain any other form of legal or equitable relief, for any alleged infringement;

   (d) Whether any infringement by Monsoon causes this case to be exceptional, and if so, whether Sling Media is entitled to attorneys' fees under 35 U.S.C. § 285; and

   (e) Whether any of Monsoon's defenses, brought either by Motion or alleged in its answer to be filed, cause Monsoon to have no liability under Sling Media's complaint.

**4. Motions**

   Currently there is one motion pending:  Sling Media's Motion for Leave to File Second Amended Complaint for Patent Infringement, Dkt. No. 41, filed July 9, 2014 and noticed for hearing on August 19, 2014.  If appropriate facts develop, patent infringement and invalidity may be issues appropriate for summary judgment motions.

**5. Amendment of Pleadings**

As noted above, Sling Media has filed a Motion for Leave to File Second Amended Complaint for Patent Infringement, Dkt. No. 41, set for hearing on August 19, 2014. Sling Media's Second Amended Complaint joins Prabhat Jain, the CEO of Monsoon, as a defendant, and removes co-defendant Belkin International, Inc., who was previously dismissed (Dkt. No. 24). Monsoon's Opposition brief is due July 23, and Sling Media's Reply brief is due July 30.

Sling Media proposes a date of July 15, 2014 for the deadline to amend pleadings, although pleadings may be amended for good cause based on newly discovered evidence upon an appropriate showing. Monsoon proposes a date of September 5, 2015 for the deadline to amend pleadings, although pleadings may be amended for good cause based on newly discovered evidence upon an appropriate showing.

**6. Evidence Preservation**

The Parties have taken, and are taking, appropriate steps to ensure the preservation of evidence related to the matters alleged in the Complaint, including preventing automated or manual destruction of electronic records and other documents. The parties agree that backup tapes and other archived data need not be preserved.

**7. Disclosures**

Sling Media proposes that the Parties exchange Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than May 26, 2014 (14 days after the Parties' Rule 26(f) Conference), and notes that it provided its Initial Disclosures on this date. Monsoon proposes that the Parties exchange Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) not less than thirty (30) days from Monsoon's and Prabhat Jain's respective answers to Sling's Second Amended Complaint (if necessary), or not less than thirty (30) days from the Court's denial of Sling Media's motion for leave to amend, whichever comes first.

**8. Discovery**

Sling Media served its first sets of interrogatories and requests for production on May 30, 2014. Monsoon's responses are currently due, by agreement of the parties, on July 18, 2014.

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT            Case No. 4:13-cv-00074-YGR
4

1    The Parties believe that a Protective Order is needed, and will confer and submit a
2 proposed order. Pursuant to Patent Local Rule 2-2, the Model Protective Order will apply until
3 such time as the Court enters a different Protective Order.

4    Limits on Discovery:

5    The Parties do not propose any changes to the rules for Interrogatories as provided by Rule
6 33 of the Federal Rules for Civil Procedure. The Parties do not propose any changes to the rules
7 for Requests for Production of Documents and Things as provided by Rule 34 of the Federal Rules
8 of Civil Procedure. The Parties agree to abide by the terms of Court of Appeals for the Federal
9 Circuit Chief Judge Randall Rader's Model Order for E-discovery in Patent Cases, attached hereto
10 as Exhibit A. The Parties do not propose any changes to the default rules for Requests for
11 Admission as provided by Rule 36 of the Federal Rules of Civil Procedure. The Parties do not
12 propose any changes to the rules for depositions as provided by Rule 30 of the Federal Rules for
13 Civil Procedure. The Parties agree to meet and confer to discuss appropriate limits on the number
14 of depositions to the extent the case proceeds in discovery.

15 **9. Class Actions**

16    This is not a class action.

17 **10. Related Cases**

18    On December 2, 2013, the U.S. International Trade Commission ("USITC") issued both a
19 Limited Exclusion Order and a Cease & Desist Order upon finding Monsoon in violation of 19
20 U.S.C. § 1337 in *Certain Electronics Devices Having Placeshifting or Display Replication*
21 *Functionality and Products Containing Same*, Inv. No. 337-TA-878. The Commission determined
22 that "the appropriate form of relief . . . is a limited exclusion order prohibiting the unlicensed entry
23 of electronic devices having placeshifting or display replication functionality and products
24 containing the same that are manufactured abroad by or on behalf of, or imported by or on behalf
25 of, [Monsoon] by reason of infringement of one or more of claims 18-24, 26, 28-30, 32-40, 42,
26 and 43 of the '776 patent; claims 7, 9-12, 14, 15, and 17 of the '909 patent; claims 1, 2, 4, and 6-
27 20 of the '454 patent; claims 58-68, 70, 71, 73, 74, 103, 104, 106, and 108 of the '912 patent;
28

claim 81 of the '657 patent; and claims 1-8 and 15-20 of the '236 patent. The Commission . . . also determined to issue [a] cease and desist order[] directed against Monsoon . . ., which prohibit[s], *inter alia*, the importation, sale, advertising, marketing, and distribution of covered products in the United States by [Monsoon]." The President of the United States did not review the Commission's decision. Monsoon did not substantively participate in the aforementioned USITC action.

**11. Relief**

Plaintiff seeks(i) a judgment that Defendant has infringed, directly and/or indirectly, and by way of inducing and/or contributing to the infringement of the Patents in suit; (ii) a permanent injunction preventing Defendant and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, users, and customers, and those in active concert or participation with any of them, from making, using, or selling any device that infringes any claim of the Patents in suit; (iii) an award of damages adequate to compensate Plaintiff for the infringement, inducement of infringement, and contributory infringement, together with pre- and post-judgment interest and an accounting; (iv) increased damages pursuant to 35 U.S.C. § 284; (v) a finding that this case is exceptional and an award to Plaintiff of its attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285; and (vi) such other and further relief as this Court may deem just and proper. Due to the fact that information concerning sales of the accused products is currently in sole possession and control of Defendant, Plaintiff cannot reasonably estimate its damages at this time.

Defendant seeks judgment on any of Monsoon's defenses, brought either by Motion or alleged in its answer to be filed, that Monsoon has no liability under Sling Media's complaint.

**12. Settlement and ADR**

The Parties have agreed to and respectfully request an early settlement conference with a magistrate judge. The Parties agree to hold the conference by September 1, 2014, if permitted by the schedule of the magistrate judge, or as soon thereafter as possible.

**13. Consent to Magistrate Judge for all Purposes**

The Parties have declined to consent to the assignment of this case to a U.S. Magistrate Judge.

**14. Other References**

The Parties do not believe this case is suitable for reference to binding arbitration or a special master.

**15. Narrowing of Issues**

Sling Media proposes that the scope and timing of the Parties' respective Infringement and Invalidity Contentions will be made in accordance with the Northern District of California's Patent Local Rules, as set forth in part 17 below. Monsoon agrees that no modification to the scope of Infringement and Invalidity Contentions needs to be made, but proposes that the triggering event for the timing of those contentions be seven (7) days from the settlement conference proposed for September 1, 2014.

Currently, before the benefit of discovery, the Parties believe that it is premature to narrow any other issues for resolution or presentation at trial.

**16. Expedited Trial Procedure**

The Parties do not believe that the expedited trial procedures would be appropriate for this action.

**17. Scheduling**

Taking into account the Parties' suggestions regarding narrowing the issues above and the Court's Patent Standing Order, the Parties submit their respective scheduling proposals as follows:

| EVENT | PATENT LOCAL RULE PROVISION | SLING MEDIA PROPOSAL | MONSOON PROPOSAL |
|---|---|---|---|
| Initial Disclosures | n/a | 5/26/2014 | 9/19/2014 |
| PLR 3-1; 3-2 Infringement Contentions + Production | PLR 3-1 - 14 days after Initial CMC | 7/28/2014 | 9/30/2014 |
| PLR 3-3-; 3-4 | 45 days after served with | 9/11/2014 | 11/14/2014 |

| | | | |
|---|---|---|---|
| Invalidity Contentions + Production | Infringement Contentions | | |
| Deadline to Amend Pleadings | n/a | 7/15/2014 | 9/5/2015 |
| PLR 4-1 (Exchange Terms for Construction) | 14 days after PLR 3-3 Invalidity Contentions (other rules apply for other cases; this is for standard defendant asserting invalidity) | 9/25/2014 | 11/28/2014 |
| PLR 4-2 (Exchange of Preliminary Constructions) | 21 days after PLR 4-1 | 10/16/2014 | 12/19/2014 |
| PLR 4-3 Joint CC & Prehearing Statement | 60 days after serving Invalidity Contentions (PLR 3-3) | 11/10/2014 | 1/13/2015 |
| PLR 4-4 Completion of CC Discovery | 30 days after serving/filing PLR 4-3 | 12/10/2014 | 2/12/2015 |
| PLR 4-5(a) Opening Brief | 45 days after PLR 4-3 (Joint CC & Prehearing Statement), by party asserting infringement | 12/23/2014 | 3/23/2015 |
| PLR 4-5(b) Responsive Brief | 14 days after PLR 4-5(a) | 1/9/2015 | 4/6/2015 |
| PLR 4-5(c) Reply Brief | 7 days after PLR 4-5(b) | 1/19/2015 | 4/13/2015 |
| Tutorial | No default schedule; Judge dependent | 1/29/2015 | 4/24/2015 |
| PLR 4-6 Claim Construction Hearing | two weeks after PLR 4-5(c) Brief, subject to Court's calendar | TBD | TBD |
| PLR 3-7 (Advice of Counsel) | 50 Days after Claim Construction Ruling | TBD | TBD |

**18. Trial**

Sling Media has demanded a trial by jury of all issues so triable. Monsoon has answered Sling Media's complaint. Sling Media estimates that trial will last approximately 5 days.

**19. Disclosure of Non-Party Interested Entities or Persons**

Before this case was stayed, Plaintiff filed a Certification of Interested Persons and Corporate Disclosure Statements with this Court. Other than the parties named in these documents, Plaintiff has no such interest to report.

1 | Defendant has answered Sling Media's complaint, but has yet to file the appropriate Certification.

Dated: July 14, 2014                                      Respectfully submitted,

FISH & RICHARDSON P.C.                         THE LAW OFFICE OF ROSHAN JAIN

By:   /s/ Tamara Fraizer                            By:   /s/ Roshan Jain
      TAMARA FRAIZER                                    ROSHAN JAIN

      Attorney for Plaintiff                            Attorney for Defendant
      SLING MEDIA, INC.                                 MONSOON MULTIMEDIA, INC.

1  I attest that concurrence in the electronic filing of this document has been obtained from Defendants' counsel.

Dated: July 14, 2014                        By:    /s/ Tamara Fraizer
                                                   TAMARA FRAIZER

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 14, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-3.3. Any other counsel of record will be served by U.S. mail or hand delivery.

By:   */s/ Tamara Fraizer*
       Tamara Fraizer